```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
JAHMELA BROOKS,                                       :
                                                      :
                                  Plaintiff,          :     12 Civ. 5059 (KPF)
                   v.                                 :
                                                      :     OPINION AND ORDER
ACTING COMMISSIONER OF SOCIAL                         :
SECURITY,                                             :
                                                      :
                                  Defendant.          :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 14, 2014

KATHERINE POLK FAILLA, District Judge:

Plaintiff Jahmela Brooks, proceeding *pro se*, appeals from a final decision of the Commissioner of Social Security denying her application for benefits. The Acting Commissioner[1] has moved the Court to reverse that final decision and remand the case for rehearing pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Court concludes that remand is appropriate here and so grants the Acting Commissioner's motion.

## BACKGROUND[2]

### A.    Factual Background

On February 19, 2010, Plaintiff applied for Supplemental Security Income disability benefits. (Tr. 6, 70). She complained of disabilities arising from HIV infection, hypertension, obesity, affective disorder, anxiety, sleep

---

[1]    Carolyn W. Colvin is currently the Acting Commissioner of Social Security. (Dkt. #24).

[2]    The facts are drawn from the administrative record of proceedings before the Social Security Administration that was filed by the Acting Commissioner with her Answer to the Complaint ("Tr."), and the Memorandum of Law in Support of the Acting Commissioner's Motion for Remand ("Br.").

disturbance, depression, and gastritis. (*Id.* at 11-13, 42). Her claim for benefits was denied on April 1, 2010. (*Id.* at 38).

On April 28, 2010, Plaintiff filed a Request for Hearing by Administrative Law Judge, disagreeing with that adverse determination. (Tr. 42). On January 18, 2011, a hearing was scheduled for February 15, 2011. (*Id.* at 53). Plaintiff testified at the hearing on February 15, 2011, before an Administrative Law Judge (*id.* at 23-36), who subsequently issued a decision on March 3, 2011, denying her claim on the basis that Plaintiff was not disabled (*id.* at 10-17). Plaintiff filed a Request for Review of that decision on April 29, 2011. (*Id.* at 6). The Appeals Counsel denied Plaintiff's request for review on April 24, 2012, rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 1).

**B.     The Instant Litigation**

Plaintiff filed the Complaint in this action on June 27, 2012, appealing the decision denying her application for benefits. (Dkt. #1). The Commissioner[3] answered the Complaint on December 4, 2012. (Dkt. #11). The Court set a briefing schedule for motions for judgment on the pleadings. (Dkt. #17). After several extensions, the Acting Commissioner filed a motion for remand on January 24, 2014 (Dkt. #24), accompanied by a memorandum of law in its support (Dkt. #25). Plaintiff did not file any opposition.

## DISCUSSION

**A.     Applicable Law**

42 U.S.C. § 405(g) provides, in its fourth sentence:

---

[3]     The Commissioner of Social Security at that time was Michael J. Astrue. (Dkt. #11).

2

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing.

"[A] sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala* v. *Schaefer*, 509 U.S. 292, 299 (1993) (emphasis omitted, second alteration in original) (quoting *Sullivan* v. *Finkelstein*, 496 U.S. 617, 625 (1990)). "Such a remand 'is appropriate when the Commission has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations.'" *Melecio* v. *Astrue*, No. 09 Civ. 1900 (CSH), 2010 WL 382722, at *1 (D. Conn. Jan. 27, 2010) (quoting *Castro* v. *Apfel*, No. 98 Civ. 0395 (CEH), 1999 WL 761142, at *2 (W.D.N.Y. May 13, 1999)); *see also Rosa* v. *Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (observing that sentence-four remands are appropriate when "further development of the evidence" is necessary). In contrast, where a reviewing court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision," it is appropriate to reverse without remand or to remand only for calculation of benefits. *Rosa*, 168 F.3d at 83 (2d Cir. 1999).

**B.   Analysis**

The Acting Commissioner seeks a remand here because of confessed errors on the part of the ALJ. Specifically, the Acting Commissioner submits that the ALJ failed to: contact Plaintiff's treating psychologist to obtain her treatment notes before rejecting the doctor's opinion of Plaintiff's mental

3

condition; evaluate the consultative examiner's opinion regarding Plaintiff's difficulties dealing with stress; and explain Plaintiff's limitations in setting out Plaintiff's residual functional capacity.  (Br. 3-4).

The Court agrees that remand is appropriate.  The ALJ's decision was impermissibly insufficient in each of the areas the Acting Commissioner identifies.  First, Plaintiff's examining psychiatrist reported that, in her opinion, Plaintiff had a "marked" inability to understand, remember, and carry out simple and complex instructions; make judgments on simple and complex work-related decisions; interact appropriately with the public, supervisors, and coworkers; and respond appropriately to usual work situations and to changes in a routine work setting.  (Tr. 198-99).  In the examining psychiatrist's opinion, Plaintiff "is unable to work due to both mental and physical disabilities."  (*Id.* at 199).  The ALJ discounted these observations as "not supported by any objective clinical findings" without attempting to discover what, if any, clinical findings supported the examining psychologist's judgment.  (*Id.* at 15).

Second, the consultative examiner observed that Plaintiff "may have difficulty at times appropriately dealing with stress."  (Tr. 177).  The ALJ noted this opinion in his decision, yet concluded that the consultative examiner's report established "unremarkable results except for evidence of fair grooming and fair insight and judgment."  (*Id.* at 15).  This was not a correct conclusion to draw from the consultative examiner's report without evaluating the extent

4

to which Plaintiff's difficulties dealing with stress could impact her ability to work.

Third, the ALJ concluded that Plaintiff retains the functional capacity for light work activity. (Tr. 16). Immediately thereafter, the ALJ further concluded that Plaintiff's "capacity for the full light work has not been significantly compromised by her additional limitation (i.e., work activity consisting of simple repetitive tasks)." (*Id.*). What the ALJ viewed as Plaintiff's "additional limitation" is nowhere identified, nor did the ALJ adequately explain how that limitation or limitations would impact the types of work Plaintiff retained the capacity to perform.

The Acting Commissioner confesses error on all three of these points and the Court agrees that the ALJ rendered inappropriate decisions with inadequate evidence. Other arguable deficiencies in the evidentiary record and the ALJ's decision exist. For example, Plaintiff told the consultative examiner that she "gets angry often." (Tr. 176). The consultative examiner's report does not appear to discredit this report by Plaintiff, yet the ALJ ignored it on the basis of Plaintiff's demeanor during the consultative examination. (*Id.* at 13). It may be fruitful to conduct further investigation into the effect Plaintiff's diagnosed psychological condition and her subjective report of its attendant symptoms may have on Plaintiff's ability to interact with supervisors, coworkers, and the public in any potential work environment.

The ALJ also disregarded a Medical Source Statement of Ability to Do Work-Related Activities (Physical) finding specific limitations on Plaintiff's

ability to sit, stand, and walk during the workday. (Tr. 202). The ALJ set aside these medical conclusions regarding Plaintiff's residual functional capacity for lack of objective clinical findings in their support and for inconsistency with the medical evidence of record. (Tr. 15). Yet the ALJ apparently did not obtain any records from the examining physician who made these observations to determine what clinical findings supported them. Nor does there appear to be substantial medical evidence of record contradicting the report regarding Plaintiff's ability to sit, stand, and walk for specific periods of time. For example, the record does contain a Disability Report recording an interview with Plaintiff at an SSA Field Office on February 19, 2010, indicating that the interviewer did not observe Plaintiff struggling with sitting, standing, or walking. (Tr. 90-91). But this report gives no indication that those observations were tied to workplace functionality over periods of time, as opposed to observations made only within the short duration of the interview itself. (*Id.*).

The record also contains a New York State Office of Temporary and Disability Assistance Division of Disability Determinations Non-Severe Impairment Checklist, which indicated that Plaintiff had no "more than [] slight abnormality of physical function[]" in any physical function area. (Tr. 179). But the report provides no clinical basis for these conclusions (*id.*); moreover, the ALJ did not cite it in his decision. Given the apparent dearth of evidentiary support for the ALJ's conclusion in this regard, it may be fruitful to conduct further investigation into Plaintiff's physical limitations as well as her

psychological limitations.  In this respect, the use of a vocational expert could be helpful.

All in all, the Acting Commissioner's final determination must be reversed.  And because gaps in the record recommend further evidentiary development before decision is again rendered, remand for further proceedings is the appropriate remedy.  *Kirkland* v. *Astrue*, No. 06 Civ. 4861 (ARR), 2008 WL 267429, at *11 (E.D.N.Y. Jan. 29, 2008) ("[R]emand is appropriate both because the ALJ applied improper legal standards and because 'further findings would ... plainly help to assure the proper disposition of [the] claim.'" (quoting *Butts* v. *Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005)) (alteration in original)); *see also Rosa*, 168 F.3d at 83 (holding that remand is appropriate when "the ALJ failed to develop the record sufficiently to make any appropriate determination in either direction").

The Acting Commissioner, on remand, should take all appropriate steps necessary to develop the record fully.  The Acting Commissioner should: obtain the evaluating psychologist's treatment records to determine the basis for her medical opinion regarding Plaintiff's work capacity; further evaluate and accord proper deference to the opinions of Plaintiff's treating physicians; reassess Plaintiff's residual functional capacity, including both psychological and physical limitations as appropriate; and, if appropriate, employ a vocational expert to determine whether any positions in the national economy exist appropriate for a person with Plaintiff's limitations.  The Acting Commissioner

7

remains free to develop the record in any other way pertinent to Plaintiff's claim for benefits.

## CONCLUSION

For the reasons set out above, the final decision of the Acting Commissioner is hereby REVERSED and the Complaint is hereby DISMISSED. This case is REMANDED to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for rehearing and further proceedings consistent with this Opinion and Order.  This remand constitutes a final judgment and the Court no longer has jurisdiction over this dispute.

The Clerk of Court is respectfully directed to enter judgment accordingly and to close the case.

SO ORDERED.

Dated:    March 14, 2014
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge